1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH W. CHAPPELL, JR.,                    )
                                           )
                Plaintiff(s),              )       No. C 09-2825 CRB (PR)
                                           )
        vs.                                )       ORDER OF DISMISSAL WITH
                                           )       LEAVE TO AMEND
SAN FRANCISCO COUNTY JAIL, et              )
al.,                                       )
                                           )
                Defendant(s).              )
_____   )

        Plaintiff, a prisoner at the San Francisco County Jail ("SFCJ"), has filed a

pro se civil rights complaint under 42 U.S.C. § 1983 alleging inadequate medical

care for his back and nerve pain.

## DISCUSSION

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1]  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A mere difference of opinion between a prisoner-patient and prison medical authorities regarding treatment is not enough to state a claim for deliberate indifference under § 1983.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff will be afforded an opportunity to amend to allege specific facts showing deliberate indifference to serious medical needs, if possible.  He must also allege specific facts showing how each named defendant actually and proximately caused the deprivation of the federally protected right of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The San Francisco County Jail cannot be liable under § 1983 solely on the theory that it is responsible for the actions or omissions of its employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

/

---

[1]Although pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees)

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Jan. 13, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Chappel, K1.dwlta.wpd

3