1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JESUS LOPEZ CHAVEZ,                )      No. C 09-2404 CRB (PR)
                                        )
12                  Petitioner,         )      ORDER GRANTING
                                        )      MOTION TO DISMISS;
13         vs.                          )      DENYING CERTIFICATE OF
                                        )      APPEALABILITY
14   BEN CURRY, Warden,                 )
                                        )
15                  Respondent.         )      (Doc. #7)
                                        )
16   _____   )
17
18         Petitioner, a California state prisoner, filed a pro se Petition for a Writ of

19   Habeas Corpus under 28 U.S.C. § 2254 challenging the California Board of

20   Parole Hearings' ("BPH") October 30, 2006 decision to deny him parole.  Doc.

21   #1.  This Court found that Petitioner's claims, when liberally construed, appeared

22   colorable under 28 U.S.C. § 2254 and ordered Respondent to show cause why a

23   writ of habeas corpus should not be granted.  Doc. #6.  Instead, Respondent filed

24   a Motion to Dismiss the Petition on the ground that it is untimely.  Doc. #7.

25   Petitioner has filed an Opposition and Respondent has filed a Reply.  Doc. ## 8

26   & 9.

27   //

28   //

**BACKGROUND**

On October 29, 1993, following a bench trial, Petitioner was convicted of second degree murder with use of a firearm in Los Angeles County Superior Court and subsequently was sentenced to 20 years-to-life in state prison. Doc. #1 at 2–3.

On October 30, 2006, Petitioner appeared before BPH for a parole suitability hearing and was found unsuitable for parole. Doc. #7-3 at 8–17. BPH's decision became final on February 27, 2007. Id. at 17.

On September 25, 2007, 210 days after BPH's decision became final, Petitioner filed a petition for writ of habeas corpus in Los Angeles Superior Court challenging BPH's decision to deny him parole. Doc. #7-3 at 70. On December 3, 2007 the superior court denied his petition. Doc. #7-5 at 22–24.

On May 4, 2008, 153 days following the superior court's denial, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which that court denied. Doc. #7-5 at 21.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court, which that court denied on May 20, 2009. Doc. #7-4 at 2. Six days later, on May 26, 2009, Petitioner filed the instant federal Petition for a Writ of Habeas Corpus. Doc. #1.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking

2

direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative decisions such as parole unsuitability, as is the case here, 28 U.S.C. § 2244(d)(1)(D) applies and the one-year limitation period begins to run the day after the date the administrative decision becomes final.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitation period began to run when BPH denied prisoner's administrative appeal challenging BPH's decision that he was unsuitable for parole).  The "factual predicate" of the habeas claim is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition.  Id. at 1082.

Here, the "factual predicate" of Petitioner's claim arose on the date BPH's decision to deny Petitioner parole became final, February 27, 2007.  See Shelby, 391 F.3d at 1066.  Section 2244(d)'s one-year limitation period accordingly began running against Petitioner the next day, February 28, 2007.  It ran

3

1  uninterrupted for 210 days until Petitioner began seeking habeas relief in the state

2  courts on September 25, 2007.

3  A.    Statutory Tolling

4  Ordinarily, the one-year limitation period is tolled under 28 U.S.C. §

5  2244(d)(2) from the time a California prisoner files his first state habeas petition

6  until the Supreme Court of California rejects his final collateral challenge.  Carey

7  v. Saffold, 536 U.S. 214, 219–20 (2006).  Here, that would mean that the

8  limitation period would toll from September 25, 2007, when Petitioner filed his

9  first state habeas petition in superior court, to May 20, 2009, when the Supreme

10 Court of California denied his final state petition.[1]  See Redd, 343 F.3d at 1084

11 (prisoner challenging administrative decision receives statutory tolling under 28

12 U.S.C. § 2244(d)(2) for the period when state habeas petitions are pending).  The

13 United States Supreme Court, however, has clarified that "only a timely appeal

14 tolls AEDPA's 1-year limitations period," and that in California, where a

15 petitioner must file a petition at the next level of review within a reasonable time,

16 "'unreasonable' delays are not timely."  Evans v. Chavis, 549 U.S. 189, 197

17 (2006) (emphasis in original).  Federal courts must conduct a case-by-case

18 determination of whether the subject filing delay "was made within what

19 California would consider 'a reasonable time.'"  Id. at 198.

20 In Chavis, there was an unexplained six-month delay between when the

21 California Court of Appeal denied habeas relief and when the petitioner filed his

22 subsequent petition in the California Supreme Court.  The United States Supreme

23 Court held that "[s]ix months is far longer than the short periods of time, 30 to 60

24 days, that most States provide for filing an appeal to the state supreme court.  It is

25

26 _____

     [1]  The California Supreme Court's May 20, 2009 order denying the
27 petition was final on filing.  See Cal. Rule of Court 8.532(b)(2)(c).

28                                        4

far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court.  We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable."  Chavis, 549 U.S. at 201 (citations and internal quotation marks omitted).

Here, Petitioner waited 210 days before he filed his first state habeas petition in superior court.  His explanation for the delay is that he "is a Mexican national, who learned to speak English in prison" and that he found legal research "overwhelming" and could not file the petition without assistance from a fellow prisoner.  Doc. #8 at 6.  But Petitioner also admits that he earned his General Education Development certificate while in prison, and the evidence shows he did not require the assistance of a translator at his October 30, 2006 BPH hearing. See Doc. #1-2 at 6–7; Doc. #8 at 6.  Under these circumstances, Petitioner's explanation for why he waited 210 days to file his initial petition in state superior court is insufficient to justify the delay; the 210-day period will not be tolled.

Petitioner next waited 153 days after his first state habeas petition was denied to file his second state habeas petition – which essentially was identical to the one he filed in the superior court – in the California Court of Appeal. Petitioner offers no explanation for the delay.  Under the rationale of Chavis, this unexplained, and hence unjustified, delay must be found to be unreasonable. Chavis, 549 U.S. at 201; Accord Banjo v. Ayers, No. 08-56512, slip. op 8851, 8859, n.2, 8861 (9th Cir. June 17, 2010) (finding 146-day delay unreasonable under Chavis); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140–41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable under Chavis). Because Petitioner's delay in filing was unreasonable, the 153-day period is not tolled.

Petitioner also waited six days between the California Supreme Court's order denying him relief and filing the instant Petition in this Court. "Read naturally, the text of [28 U.S.C. § 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application . . . .  State review ends when the state courts have finally resolved an application for postconviction relief."  Lawrence v. Florida, 549 U.S. 327, 332 (2007).  Here, the California Supreme Court issued an order denying Petitioner relief on May 20, 2009; that order became final upon filing.  See Cal. Rule of Court 8.532(b)(2)(c).  Thus, Petitioner is not entitled to any tolling for the six-day period between when the California Supreme Court denied his petition and when he filed the instant Petition.

In sum, here, the one-year limitation period ran for:  (1)  the 210 days before Petitioner filed his first state habeas petition; (2) the 153-day interval between the superior court's denial of his petition and his filing a habeas petition in the appellate court;  and (3) the six-day period between the California Supreme Court's denial and Petitioner's filing in this Court.  In total, 369 days have run.  The one-year statute of limitations therefore is exceeded by four days; the Petition is untimely.

B.      Equitable Tolling

In his Opposition, Petitioner argues he is entitled to equitable tolling for the initial 210 day delay because he "is a Mexican national, who learned to speak English in prison."  Doc. #8 at 6.  Petitioner explains that he found legal research "overwhelming" and he "finally . . . got help" from another prisoner in filing the superior court petition.  Id.

The United States Supreme Court recently held that equitable tolling is applicable to AEDPA's statute of limitations.  Holland v. Florida, No. 09-5327,

6

2010 WL 2346549, at *9 (U.S. June 14, 2010).  A petitioner is entitled to equitable tolling only if he shows:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Id. at *12.  The diligence required for equitable tolling is "reasonable diligence" and not "maximum feasible diligence."  Id. at *14.

Here, Petitioner fails to show that he is entitled to equitable tolling under Holland.  He offers no explanation for why it took him 153 days to re-file the same set of documents in the California Court of Appeal that he had filed in the state superior court.  Further, his explanation of the 210-day delay leading up to his filing in the state superior court – that he is a Mexican national and learned to speak English in prison – is insufficient by itself to justify equitable tolling.  See Mendoza v. Carey, 449 F.3d 1065, 1069–70 (9th Cir. 2006) (a petitioner's language limitations do not justify equitable tolling per se; rather, equitable tolling may be justified only if language barriers actually prevent timely filing); see also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).

In Mendoza, the Ninth Circuit observed that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."  Mendoza, 449 F.3d at 1070 (remanding to district court for an evidentiary hearing concerning whether, as petitioner alleged, during the relevant time period he lacked "English language ability," was denied access to Spanish-language legal materials, could not procure the assistance of a translator and acted with due diligence).

7

1   Here, Petitioner's statements that he is a Mexican national and learned to

2   speak English in prison, even if true, are insufficient to warrant equitable tolling,

3   because they do not demonstrate that Petitioner acted diligently in pursuing his

4   rights during the running of the AEDPA limitation period.  See Mendoza, 449

5   F.3d at 1070.  Further, there is evidence in the record that Petitioner earned his

6   General Education Development certificate while in prison and that he did not

7   require the assistance of a translator at his October 30, 2006 BPH hearing –

8   evidence that seemingly contradicts his argument for equitable tolling.  See Doc.

9   #1-2 at 6–7; Doc. #8 at 6.

10   **CONCLUSION**

11   For the foregoing reasons, Respondent's Motion to Dismiss the Petition as

12   untimely, Doc. #7, is GRANTED.

13   Further, a Certificate of Appealability is DENIED.  See Rule 11(a) of the

14   Rules Governing Section 2254 Cases (eff. Dec. 1, 2009).  Petitioner has not

15   demonstrated that "jurists of reason would find it debatable whether the Petition

16   states a valid claim of the denial of a constitutional right and that jurists of reason

17   would find it debatable whether the district court was correct in its procedural

18   ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

19   Petitioner may not appeal the denial of a Certificate of Appealability in

20   this Court; rather, he may seek a certificate from the Court of Appeals under Rule

21   22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules

22   Governing Section 2254 Cases (eff. Dec. 1, 2009).

23   //

24   //

25   //

26   //

27

28   8

1      The clerk shall enter judgment in favor of Respondent and close the file.

2

3   SO ORDERED.

4   DATED:  July 2, 2010

CHARLES R. BREYER
United States District Judge

26   G:\PRO-SE\CRB\HC.09\Chavez-09-2404-grant mtd-deny coa.wpd